IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARK E. STRATTON, *et. al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 2:04-cv-1053-MEF |
| ) | (WO) |
| STATE OF ALABAMA DEPARTMENT ) | |
| OF CORRECTIONS, *et. al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

On November 1, 2004, Plaintiffs Mark E. Stratton, Tommy M. Oliver, Henry W. Strength, W. Mark Mershimer, Frank Singleton, Jr., and Steve J. Taylor (hereinafter collectively "Plaintiffs") filed suit against Defendants State of Alabama Department of Corrections (hereinafter "DOC"), Donal Campbell, Linda Miller, Greg Lovelace, Cecil Atchison, and Dexter Brooks (hereinafter collectively "Defendants"). Plaintiffs claim that Defendants violated the First, Fifth, and Fourteenth Amendments (through 42 U.S.C. § 1983); the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et. seq.* (hereinafter "FLSA"); the constitution of the State of Alabama; and Alabama state law by failing to pay them for overtime work. This cause is presently before the Court on Defendants' February 24, 2006 Motion for Summary Judgment (Doc. # 21) claiming Eleventh Amendment immunity as to Counts One and Two of the Complaint.[1]

---

[1] The Court notes that this motion was untimely filed, but because Eleventh Amendment immunity is an issue of the subject matter jurisdiction of this Court, a defendant may raise it at

## I. Jurisdiction and Venue

Plaintiffs claim that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental jurisdiction). Defendants claim that this Court does not have subject matter jurisdiction over Counts One and Two because they are entitled to Eleventh Amendment immunity as to these counts. This claim is discussed in detail below.

The parties do not contest personal jurisdiction or venue, and the Court finds adequate allegations supporting both.

## II. Summary Judgment Standard

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-

---

any time. *See McClendon v. Ga. Dep't of Cmty. Health*, 261 F.3d 1252, 1256-57 (11th Cir. 2001). Thus, the Court will consider the motion despite its untimeliness.

moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. To avoid summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). On the other hand, a court ruling on a motion for summary judgment must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor. *See, e.g., Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *McCormick v. City of Fort Lauderdale,* 333 F.3d 1234, 1243 (11th Cir. 2003) (the evidence and all reasonable inferences from the evidence must be viewed in the light most favorable to the non-movant). After the non-moving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

> The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact. A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a

3

reasonable jury to return a verdict in its favor.

*Chapman v. AI Transp.,* 229 F.3d 1012, 1023 (11th Cir. 2000) (*en banc*) (quoting *Haves v. City of Miami,* 52 F.3d 918, 921 (11th Cir. 1995) (internal marks and citations omitted)).

### III. Facts

The Court has carefully considered all documents submitted in support of and in opposition to the motion. The submissions of the parties, viewed in the light most favorable to the non-moving parties, establish the following material facts.

Plaintiffs are or were employed by the DOC as correctional officers assigned to the transfer division of the department and were subject to the wage and hour provisions of FLSA, Alabama Code §§ 36-21-1 *et. seq.*, the Alabama Administrative Code, and the departmental regulations of the DOC. Defendants failed to accurately and timely report the hours worked by Plaintiffs. In addition, Defendants represented to Plaintiffs that they were not entitled to overtime pay, compensatory time, or annual leave. Defendants forged, or caused to be forged, the signatures of Plaintiffs on DOC personnel forms and required Plaintiffs to sign and verify records related to per diem compensation that were false. As a result of these actions, Plaintiffs claim that Defendants denied them wages, compensatory time, and annual leave.

In February 2003, Plaintiffs became suspicious that their work hours were not being accurately reported and contacted the DOC Intelligence and Investigations division (hereinafter "I & I"). The I & I took statements from Plaintiffs in January 2004 and began

an investigation. However, Plaintiffs believed that the records were continuing to be maintained inaccurately, and in March 2004, Plaintiffs Stratton and Oliver sought the help of the U.S. Department of Labor (hereinafter "DOL") and the Alabama Board of Adjustment (hereinafter "BOA"), respectively. DOL found that Plaintiffs had been wrongfully denied their right to compensation for overtime work. In its answer to the complaint before the BOA, DOC admitted that Plaintiffs had been wrongfully denied pay and benefits for overtime work.

Plaintiffs assert that Defendants have retaliated against them for complaining by imposing work rules and conditions on them that are not imposed on other correctional officers and that such rules decrease their opportunity to earn additional pay and benefits.

## IV. Discussion

*A.   Count One*

Defendants assert that Count One of the Complaint is an attempt to enforce a FLSA claim through Section 1983. Section 1983 cannot be used as a mechanism for enforcing FLSA rights, though a 1983 violation may be asserted in a FLSA case if there are constitutional violations which are independent of the alleged FLSA violation. *See Jarrett v. Alexander*, 235 F. Supp.2d 1208, 1211 (M.D. Ala. 2002). Here, Count One alleges that Defendants failed to pay Plaintiffs wages and other benefits owed to them. In their response to the Motion for Summary Judgment, Plaintiffs assert that these allegations are not being made pursuant to FLSA, but that they are allegations of violations of the takings clause of

the Fifth Amendment and the equal protection provisions of the Fifth and Fourteenth Amendments. However, the right to wages and other benefits is a right protected by FLSA, and Plaintiffs assert no other rights that have been violated. Therefore, it appears that Plaintiffs are in fact attempting to enforce FLSA rights through Section 1983, which they cannot do. Thus, summary judgment is due to be granted in favor of all Defendants as to Count One of the Complaint.

B.     *Count Two*

Count Two of the Complaint alleges that Defendants violated the FLSA, 29 U.S.C. § 207, by failing to compensate Plaintiffs at a rate of one and one-half times each Plaintiff's regular hourly rate for hours worked in excess of 40 hours per week. Defendants claim that they are all immune from liability for their alleged FLSA violations under the Eleventh Amendment. The parties agree that the DOC and the individual Defendants in their official capacities are immune from liability. However, Plaintiffs assert that the individual Defendants in their individual capacities are not immune.

29 U.S.C. § 207 provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." Whether the individual Defendants in their individual capacities may be held liable turns on whether they can be considered Plaintiffs' "employer" under this Section. According to 29 U.S.C. § 203(d), the term "employer"

means "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency." Eleventh Circuit law clearly states that "a public official sued in his individual capacity is not an 'employer' subject to individual liability under the FLSA." *Wascura v. Carver*, 169 F.3d 683, 686 (11th Cir. 1999)(citing *Welch v. Laney*, 57 F.3d 1004, 1011 (11th Cir. 1995). Therefore, Defendants in their individual capacities are immune from liability for the alleged FLSA violations and summary judgment is due to be granted in favor of all Defendants as to Count Two.

### V. Conclusion

For the reasons set forth above, it is hereby ORDERED that Defendants' Motion for Summary Judgment (Doc. # 21) is GRANTED. Counts One and Two are DISMISSED from this action.

DONE this the 23rd day of March, 2006.

                                    /s/ Mark E. Fuller
                              CHIEF UNITED STATES DISTRICT JUDGE