IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARK E. STRATTON, *et. al.*,   ) | |
| ) | |
| Plaintiffs,   ) | |
| ) | |
| v.   ) | Case No. 2:04-cv-1053-MEF |
| ) | (WO) |
| STATE OF ALABAMA DEPARTMENT   ) | |
| OF CORRECTIONS, *et. al.*,   ) | |
| ) | |
| Defendants.   ) | |

**ORDER**

On March 28, 2006 all parties to this action submitted a joint Stipulation of Dismissal stating that they had "settled their differences" and agreed to dismissal of all claims with prejudice (Doc. # 45). Accordingly, the Court entered a Final Judgment on March 29, 2006 dismissing the case with prejudice (Doc. # 47). On June 12, 2006, Plaintiff Steven Taylor filed a Motion to Set Aside Stipulation of Dismissal and Judgment (Doc. # 48), alleging that Defendants have failed to honor the settlement agreement. Following Defendants' response to the motion, all of the Plaintiffs filed a Motion to Strike and for Sanctions (Doc. # 50), alleging that Defendants made false and misleading statements in their response. On July 13, 2006, the Court ordered Plaintiff Taylor to file a brief addressing this Court's jurisdiction to resolve disputes over the settlement agreement after entry of a final judgment. After Plaintiff Taylor filed a brief and Defendants filed a response, all of the Plaintiffs filed a Second Motion to Strike and for Sanctions (Doc. # 54), alleging that Defendants made false and misleading statements in their response to the July 13, 2006 Order.

It is hereby ORDERED that the Motion to Set Aside Stipulation of Dismissal and Judgment (Doc. # 48), the Motion to Strike and for Sanctions (Doc. # 50), and the Second Motion to Strike and for Sanctions (Doc. # 54) are set for oral argument on October 19, 2006 at 9:00 a.m. at the United States Courthouse, One Church Street, Courtroom 2A, Montgomery, Alabama. At oral argument, Plaintiff Taylor will be expected to present evidence that the settlement agreement was entered into as a result of fraud, misrepresentation, or other misconduct by Defendants which would require relief from the final judgment pursuant to Federal Rule of Civil Procedure 60(b)(3).

DONE this the 23rd day of August, 2006.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE