IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARK E. STRATTON, *et. al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 2:04-cv-1053-MEF |
| ) | (WO) |
| STATE OF ALABAMA DEPARTMENT ) | |
| OF CORRECTIONS, *et. al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

On March 28, 2006, all parties to this action submitted a joint Stipulation of Dismissal stating that they had "settled their differences" and agreed to dismissal of all claims with prejudice (Doc. # 45). Accordingly, the Court entered a Final Judgment on March 29, 2006 dismissing the case with prejudice (Doc. # 47). On June 6, 2006, Plaintiff Steven Taylor filed a Motion to Set Aside Stipulation of Dismissal and Judgment (Doc. # 48), alleging that Defendants have failed to honor the settlement agreement. Following Defendants' response to the motion, all of the Plaintiffs filed a Motion to Strike and for Sanctions (Doc. # 50), alleging that Defendants made false and misleading statements in their response. On July 13, 2006, the Court ordered Plaintiff Taylor to file a brief addressing this Court's jurisdiction to resolve disputes over the settlement agreement after entry of a final judgment. After Plaintiff Taylor filed a brief and Defendants filed a response, all of the Plaintiffs filed a Second Motion to Strike and for Sanctions (Doc. # 54), alleging that Defendants made false and misleading statements in their response to the July 13, 2006

Order. This cause is now before the Court on those motions.

The dismissal of this case issued pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), which provides for dismissal "by filing a joint stipulation of dismissal signed by all parties who have appeared in the action." Fed. R. Civ. P. 41(a)(1)(ii). In a case dismissed pursuant to Rule 41(a)(1)(ii), it is clear that a district court does not have jurisdiction to enforce the terms of the settlement agreement, unless the court retained jurisdiction over the settlement agreement in its dismissal order. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994). In this case, the Court made no mention of the settlement agreement in its Final Judgment, therefore the Court has no jurisdiction to enforce the terms of the settlement agreement.

However, most courts of appeals agree that a case dismissed pursuant to 41(a)(1)(ii) may be reopened under Federal Rule of Civil Procedure 60(b). *See, e.g.*, *Smith v. Phillips,* 881 F.2d 902, 904 (10th Cir. 1989); *Hinsdale Farmers v. Nat'l Bank & Trust Co.*, 823 F.2d 993, 995-96 (6th Cir. 1987) (holding that dismissal pursuant to Rule 41(a)(1)(ii) "terminated the district court's jurisdiction except for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by Rule 60(b)") (quotation omitted); *McCall-Bey v. Franzen*, 777 F.2d 1178, 1190 (7th Cir. 1985) (same). Plaintiff Taylor argues that the Court should set aside judgment pursuant to Rule 60(b)(3) and (6).

Rule 60(b)

should be construed in order to do substantial justice, . . . but this does not mean that final judgments should be lightly reopened. The desirability for

> order and predictability in the judicial process speaks for caution in the reopening of judgments. The provisions of this rule must be carefully interpreted to preserve the delicate balance between the sanctity of final judgments and the incessant command of the court's conscience that justice be done in light of all the facts.

*Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (internal quotation marks, citations, and emphasis omitted; ). Rule 60(b)(3) provides that "the court may relieve a party . . . from a final judgment for . . . fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." Fed. R. Civ. P. 60(b)(3). A movant must show fraud by clear and convincing evidence in order to be entitled to relief under Rule 60(b)(3). *Simons v. Gorush*, 715 F.2d 1248, 1253 (7th Cir. 1983). *See also Waddell v. Hendry County Sheriff's Office*, 329 F.3d 1300, 1309 (11th Cir. 2003). Rule 60(b)(6) provides that a court may relieve a party from final judgment for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). "It is well established, however, that relief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances . . . . The party seeking relief has the burden of showing that absent such relief, an extreme and unexpected hardship will result." *Griffin*, 722 F.2d at 680 (internal quotation marks and citations omitted).

At the hearing on the Motion to Set Aside Stipulation of Dismissal and Judgment on October 19, 2006, no evidence of fraud was presented by clear and convincing evidence. Therefore, the Court must look to the existence of any misrepresentation or other misconduct

of an adverse party that preceded the settlement agreement entered into between Plaintiffs and Defendants on or about March 28, 2006. It is undisputed that there were conflicting pay sheets reflecting what Plaintiffs were projected to be paid. However, paragraph 3 of the settlement agreement states, "The Plaintiffs will receive payment, as calculated through audit and presented to the United States Department of Labor." Despite the conflicting calculations of the amount each Plaintiff would be paid, each was bound to the results of the Department of Labor audit. Further, the April 27, 2006 report excludes payment to Plaintiff Taylor, but includes amounts to be paid to the other Plaintiffs larger than those contained in the earlier report.

For these reasons, the Court finds that the situation presented by Plaintiff Taylor does not rise to the level of exceptional circumstances required under Rule 60(b)(6) to obtain the extreme remedy sought. It is therefore ORDERED that Plaintiff Steven Taylor's Motion to Set Aside Stipulation of Dismissal and Judgment (Doc. # 48) is DENIED.

It is further ORDERED that Plaintiffs' Motion to Strike and for Sanctions (Doc. # 50) and Second Motion to Strike and for Sanctions (Doc. # 54) are DENIED as moot.

DONE this the 23rd day of October, 2006.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE